THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HONUA TECHNOLOGIES, INC., a Delaware corporation, dba Global Environmental Technologies,<br><br>      Plaintiff,<br><br>  v.<br><br>KRUGTHEP THANAKOM, CO., LTD., a Thailand limited company,<br><br>      Defendant and<br>      Counterlaim Plaintiff,<br><br>  v.<br><br>HONUA TECHNOLOGIES, INC., a Delaware corporation, dba Global Environmental Technologies,<br><br>      Counterclaim Defendant<br>_____ | CIV. NO. 05-00523-BMK<br><br>AMENDED ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW, FOR REMITTITUR, OR FOR NEW TRIAL |

AMENDED ORDER DENYING MOTION FOR JUDGMENT AS A MATTER
OF LAW, FOR REMITTITUR, OR FOR NEW TRIAL

A jury trial between Plaintiff and Counterclaim Defendant Honua Technologies, Inc. ("Honua") and Defendant and Counterclaim Plaintiff Krugthep Thanakom, Co. ("KT") was held between April 17 and April 25, 2007. The jury reached a verdict in the case on April 26, 2007, and judgment was entered in favor

of Honua in the amount of $95,000 on its breach of contract claim. On May 4, 2007, KT filed the present motion requesting judgment as a matter of law, or in the first alternative, for remittitur, or in the second alternative, for a new trial. After careful consideration of the motion and the supporting and opposing memoranda, KT's motion is hereby DENIED.

## DISCUSSION

### A. Judgment as a Matter of Law

KT requests that it be granted judgment as a matter of law on Honua's breach of contract claim. Judgment as a matter of law is granted when "a party has been fully heard . . . and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." F.R.C.P. 50(a)(1). In deciding whether judgment as a matter of law is warranted, the Court may not assess the credibility of witnesses and must draw all reasonable inferences in the nonmovant's favor. Bell v. Clackamas County, 341 F.3d 858, 865 (9th Cir. 2003). In ruling on a motion for judgment as a matter of law, the Court "may not substitute its view of the evidence for that of the jury." Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001).

KT contends that judgment as a matter of law is warranted here because "[t]he manifest weight of the evidence at trial clearly showed that no

contract was entered into by KT." (Mem. Supp. Mot. 7.)  In support of this contention, KT lists 13 separate arguments as to why the evidence before the jury indicated that no contract existed.  In response, Honua counters that there was ample evidence for the jury to reasonably find that a contract existed between Honua and KT.  In particular, Honua points to the extensive testimony by Kevin Kondo about meetings with KT, the testimony that Governor Samak reviewed the Purchase Order Agreement and directed Amorn to sign it, and evidence of Amorn's business experience.

The Court agrees with Honua, and finds that the jury had sufficient evidence on which to find that a contract existed between the parties, and that KT breached this contract.  KT's request for judgment as a matter of law is therefore DENIED.

A.  Remittitur and New Trial

KT further argues that even if a contract did exist, Honua's damage award should be reduced to $1 because Honua failed to introduce evidence of damages on which the jury could have based its award.  Alternatively, KT requests a new trial on damages.  Damages must be proved with "reasonable certainty." See Airgo, Inc. v. Horizon Cargo Transp., Inc., 66 Haw. 590, 593 (1983).  In the Ninth Circuit, damage awards are disturbed only when "the amount is grossly

excessive or monstrous." Lambert v. Ackerley, 180 F.3d 997, 1011 (9th Cir. 1999).  If the damages award is grossly excessive, the Court may either grant a motion for a new trial or give the prevailing party the option of accepting a reduced amount of damages in lieu of holding a new trial on damages.  Fenner v. Dependable Trucking Co., Inc., 716 F.2d 598, 603 (9th Cir. 1983).

      Here, Honua introduced lay testimony regarding the company's expectation that it stood to earn approximately $1.9 million in profits on the transaction.  Honua also introduced lay testimony that it had expended approximately $300,000 in reliance on this contract.  While KT is correct to point out that "not one receipt nor any form of back-up whatsoever" (Mem. Supp. Mot. 11) for Honua's claimed reliance damages, it does not necessarily follow that the jury's award "could only have been arrived at by pure speculation" (Mem. Supp. Mot. 11).  The Court finds that Honua's lay witnesses did testify with reasonable certainty about damages and that the jury could properly have based its damage award on the credibility of these witnesses.  KT's request for remittitur or a new trial is therefore DENIED.

## CONCLUSION

      For the foregoing reasons, KT's motion for judgment as a matter of law, remittitur, and a new trial are hereby DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 5, 2007

<u>Krugthep Thanakom Co. v. Honua Technologies, Inc.</u>; Civ. No. 05-523 BMK; AMENDED ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW, FOR REMITTITUR, OR FOR NEW TRIAL.