IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HONUA TECHNOLOGIES, INC., a Delaware Corporation, dba Global Environmental Technologies, <br><br> Plaintiff, <br><br> vs. <br><br> KRUNGTHEP THANKOM CO., LTD., a Thailand limited company; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; and DOE GOVERNMENTAL ENTITIES 1-20, <br><br> Defendants. <br> _____ <br> KRUNGTHEP THANKOM CO., LTD., a Thailand limited company, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> HONUA TECHNOLOGIES, INC., a Delaware Corporation, dba Global Environmental Technologies, <br><br> Counterclaim Defendant. <br><br> and <br><br> GLOBAL ENVIRONMENTAL | CIV. NO. 05-00523 BMK <br><br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND PRE-JUDGMENT INTEREST |

| | |
|---|---|
| TECHNOLOGIES, LLC; KONDO & PARK; and KEVIN M. I. KONDO, | ) ) ) |
| Additional Counterclaim Defendants. | ) ) ) |
| _____ | ) |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND PRE-JUDGMENT INTEREST

On June 1, 2007, Plaintiff Honua Technologies, Inc. ("Honua") filed a Motion for Attorneys' Fees, Costs, and Pre-Judgment Interest ("Motion"). After careful consideration of the motion, the supporting and opposing memoranda, and the attached documentation, the motion is hereby GRANTED IN PART and DENIED IN PART.

## BACKGROUND AND PROCEDURAL HISTORY

On August 15, 2005, Plaintiff filed a complaint in this Court alleging breach of a purchase order agreement ("POA"). On February 21, 2006, Defendant Krungthep Thankom Co., Ltd. ("KT") filed a Counterclaim against Honua, Kondo & Park ("K & P"), and Kevin M. I. Kondo ("Kondo") alleging that the POA was obtained by fraud. On April 16, 2007, Honua and KT agreed to dismiss with prejudice Counterclaim Defendants K & P and Kondo.

A jury trial was held between April 17, 2007 and April 25, 2007. On April 27, 2007, judgment was entered for Plaintiff in the amount of $95,000.00.

2

On May 4, 2007, KT filed a Motion for Judgment as a Matter of Law, or in the First Alternative for Remittitur, or in the Second Alternative for New Trial ("KT's Rule 50 Motion"), which was denied by amended order on June 5, 2007. In the meantime, Honua filed the present Motion on June 1, 2007.

DISCUSSION

I. ATTORNEYS' FEES

Honua requests attorneys' fees in the amount of $23,750.00, the maximum amount recoverable by statute,[1] but maintains that they have incurred attorneys' fees in excess of $38,214.64. (Pl.'s Mem. Supp. 5.) This amount is based on 86.3 hours by Mr. Kevin Sumida at a rate of $250 per hour, 74.6 hours by Mr. Anthony Wong at a rate of $200 per hour, and a general excise tax of 4.712%. KT raises numerous objections, both to Honua's entitlement to fees, as well as to the reasonableness of the fees requested.

A. Honua's Entitlement to Fees

KT first argues that Honua is not entitled to attorney's fees because its motion was not filed "no later than 14 days after entry of judgment" as required by Rule 54 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 54(d)(2)(B).

---

[1] Hawaii Revised Statute ("H.R.S.") § 607-14 provides that, in all actions in the nature of assumpsit, prevailing parties may be awarded attorneys' fees, "provided that this amount shall not exceed twenty-five per cent of the judgment." The judgment of $95,000.00 establishes a ceiling of $23,750.00 on Plaintiff's attorneys' fees award.

3

While it is true that Honua's motion for fees was filed thirty-five days after entry of judgment on April 27, 2007, the fourteen day period under Rule 54 was tolled by KT's Rule 50 Motion. See Bailey v. County of Riverside, 414 F.3d 1023, 1025 (9th Cir. 2005) ("a motion for fees is timely if filed no later than 14 days after the resolution of a Rule 50(b), Rule 52(b), or Rule 59 motion."; see also Berry v. Hawaii Express Service, Inc., 2007 WL 689474, at *3 (D. Haw. Mar. 2, 2007) (holding that motions for attorney's fees are tolled pending the resolution of a Rule 50(b) motion). Thus, because Honua's motion was filed prior to the resolution of the Rule 50 Motion, its motion for attorney's fees is timely.

KT also argues that Honua is not entitled to attorney's fees because it did not timely file its statement of consultation. While KT is correct that Honua failed to file its statement of consultation within fourteen days of its motion for attorney's fees as required by Local Rule 54.3(b), the late filing of a statement of consultation does not necessarily preclude consideration of a motion for attorneys' fees. See, e.g., Steinert v. Winn Group, Inc., 440 F.3d 1214, 1226 (10th Cir. 2006) (holding that, although the statement of consultation was filed sixteen days after the thirty-day window had expired, it was not an abuse of discretion for the district court to excuse the late filing). Given that Honua's statement of consultation was

filed only ten days after the deadline imposed by Local Rule 54.3(b), the Court will consider Honua's motion.

B.  Reasonableness of the Fees Requested

KT also contends that the fees requested by Honua are not reasonable. A determination of reasonable attorneys' fees begins with "the number of hours reasonably expended multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433.

1.  Reasonable Hourly Rate

To determine a reasonable hourly rate, the court considers factors such as "the experience, skill, and reputation of the attorney . . . ." Welch v. Metro Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986)). The fee applicant bears the burden of providing evidence that the rate requested "reflects prevailing community rates for similar services." Synagro Technologies, Inc. v. GMP Hawaii, Inc., 2007 WL 851271, at *11 (D. Haw. Mar. 15, 2007) (citing Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987)).

Here, Mr. Sumida requests an hourly rate of $250 per hour based on his 28 years of experience. (Pl.'s Reply 16, Sumida Decl. ¶ 5.) Mr. Wong requests an hourly rate of $200 per hour based on his 14 years of litigation experience (Pl.'s

Reply 4.) Being familiar with the prevailing rates in the community for attorneys, the Court finds that the hourly rates requested are reasonable, the absence of affidavits notwithstanding. Mr. Sumida and Mr. Wong will be awarded the hourly rates they request.

### 2. Number of Hours Reasonably Expended

In addition to establishing a reasonable hourly rate, the fee applicant must demonstrate that the hours expended were reasonably necessary to achieve the attained results. See Tirona v. State Farm Mut. Auto Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). It is within the discretion of the court to reduce or disregard time spent on "excessive, redundant, or otherwise unnecessary" work. Synagro, 2007 WL 851271, at *11 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)) (citations omitted). While the fee applicant bears the initial burden of providing evidence to support the number of hours worked, the opposing party bears the burden of submitting "evidence to the district court challenging the accuracy and the reasonableness of the hours charged . . . by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992). The Local Rules require that the prevailing party organize its time records by litigation phase, and that each entry adequately describe the services rendered and time expended on that particular task. L.R. 54.3(d).

Here, Honua requests reimbursement for 86.3 hours of work billed by Mr. Sumida and 74.6 hours of work billed by Mr. Wong. The Court notes that these hours pertain principally to the actual litigation of the case, and represent only a fraction of the time that Honua's attorneys actually expended in this case. Nonetheless, KT challenges the reasonableness of these hours on both substantive and procedural grounds.

First, KT argues that Honua has violated Local Rule 54.3(d) by (1) failing to itemize the work performed by litigation phase; (2) listing for some entries only the total time expended on multiple tasks, rather than the time spent on each task; and, (3) by failing to adequately describe some of the tasks. While the Court agrees with KT that Honua has failed to fully comply with the Local Rules, the Court, in this particular instance, finds the error to be harmless. Recognizing that their ultimate recovery is limited by H.R.S. § 607-14, Honua's attorneys wisely submitted only those billing records directly related to the trial itself, and to opposing KT's post-trial motion. Because the time period was so brief and the tasks performed so obvious and apparent, the Court does not believe that Honua's failure to comply fully with the Local Rules has hindered either KT's ability to challenge, or the Court's ability to assess, the reasonableness of the hours Honua's attorneys worked on this case.

Second, KT raises a number of substantive arguments regarding the reasonableness of the hours Honua expended. KT first argues that Mr. Wong and Mr. Sumida spent an excessive number of hours preparing for trial. The Court disagrees. There were a number of disputed factual issues in this trial, covering a multi-year time period in two countries; the 3-5 hours per day that Mr. Wong and Mr. Sumida spent preparing for trial does not seem unreasonable.

KT also argues that the fee award should be reduced because Honua did not "make a good faith effort to exclude from [its] fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." Hensley, 461 U.S. at 434. On the contrary, however, in preparing the Motion, Honua excluded all the hours of Mr. Kevin Kondo prior to his withdrawal as counsel for Honua. (Pl.'s Reply 5.) Honua also obviously excluded many hours that were spent deposing witnesses, filing pre-trial motions, attending settlement conferences, and the like.

In addition, KT contends that because Honua was represented by multiple attorneys, the work performed was inherently redundant and duplicative. However, "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." Kim v. Fujikawa, 871 F.2d 1427, 1435 (9th Cir. 1989) (citing Probe v. State Teachers' Ret. Sys., 780 F.2d 776, 785 (9th Cir. 1986)); see also Wyatt v. Ralphs Grocery Co., TSC, 2002 U.S. Dist.

8

LEXIS 27965, at *12 (C.D. Cal. Mar. 29, 2002), aff'd 65 Fed. Appx. 589 (9th Cir. 2003) (expenses for a "second chair" are reasonable, even when the "second chair" does not present any of the plaintiff's case).

Finally, KT argues that the fees associated with the 04/26/2007, 04/30/2007, and 05/02/2007 entries should not be included in the fee award because they are unreasonable. The Court disagrees. Mr. Sumida does not actually appear to have billed for the post-verdict jury discussion, as KT alleges; additionally, hours expended on the motion for attorney's fees may properly be counted towards a fee award. Accordingly, the Court finds reasonable both the hourly rate requested by Plaintiff's attorneys, as well as the number of hours for which they seek reimbursement, and so Honua will be awarded the full **$23,750** to which it is entitled under H.R.S. § 607-14.

II.   COSTS

Plaintiff also requests costs in the amount of $26,623.23. Parties may recover a variety of costs, including stenographic transcripts "necessarily obtained for use in the case," photocopies, and "fees and disbursements . . . for witnesses." 28 U.S.C. § 1920. When contesting the costs requested by a prevailing party, "the adverse party has the burden of challenging the reasonableness of a particular cost request. In the absence of a challenge to a particular request, it is not an abuse of

9

discretion for a court to award the cost requested as presumptively reasonable." Wong, 88 Haw. at 54.

> A. Eligibility for Costs in General

Defendant first contends that Honua is not eligible for costs because the bill of costs was not timely filed. Just as with the request for attorney's fees, however, KT's post-trial motion tolled the filing period, and so Honua's bill of costs was timely filed.

KT also argues that Honua agreed to cover its own fees when the parties stipulated to dismiss Counterclaim Defendants K & P and Kondo. The stipulation states: "All of the parties shall bear their own attorneys' fees and costs with respect to KONDO & PARK, and KEVIN M.I. KONDO and KONDO & PARK, and KEVIN M.I. KONDO will bear their own attorneys' fees and costs with respect to each other and the remaining parties." (Stip. Dismiss Countercl. Defs. 3.) KT argues that pursuant to this stipulation, each party should bear its own fees and costs. Honua, however, contends that the stipulation "provided that the dismissed parties and the remaining parties would bear their own attorneys' fees and costs between the dismissed and remaining parties [and] did not address how fees or costs would be bourn [sic] between the remaining parties." (Pl.'s Reply 6-7.) The Court agrees with Honua's interpretation of the stipulation, and finds that

the stipulation to dismiss certain parties did not abrogate Honua's right to seek attorney's fees against KT.

Finally, KT contends that Honua's motion for attorney's fees is improper since the fees and costs for the dismissed parties, prior to the stipulation being filed, were already paid by an insurance company. However, Plaintiff retains the right to recover fees and costs, regardless of those fees and costs being covered by an insurer. See Ferrer v. Ngo, 102 Haw. 119, 126 (2003). "The benefits flowing from a party's insurance coverage flow in favor of the insured party, not the adverse party." Id.

B. Challenges to Specific Costs

First, KT argues that costs of trial testimony transcripts are not allowable when multiple attorneys are present during trial. However, costs of daily trial transcripts have been awarded when they were "necessarily obtained for use in the case." See Sussel v. Wynne, 2007 WL 902369, at *2 (D. Haw. Mar. 21, 2007). Here, Plaintiff used the trial testimony transcript to prepare for cross-examination and closing argument (Pl.'s Reply 8), and the Court will allow these costs.

KT next challenges the copying charges incurred by Honua, arguing that they are excessive. Honua has provided receipts for all of its copying charges,

however, and explained that the costs are reasonable because each exhibit contained multiple sheets. These costs will also be allowed.

Furthermore, KT contends that a number of the costs related to Honua's witnesses are unreasonable and improperly documented. In particular, KT takes issue with Honua's airfare, lodging, and rental car costs. Together, these costs amount to $16,304.05. Honua attributes the high costs to the fact that the depositions coincided with the Pro Bowl, which made air tickets more expensive, and gave Honua fewer rental car and lodging options to choose from. Honua provides just one affidavit in support of this argument, and does not provide the Court with any of the receipts for these costs. At the same time, KT provides no evidence that there were any cheaper flights, hotels, or rental cars available. The Court will exercise its discretion in this area by reducing these witness-related costs by 20%, or $3,260.81.

Finally, KT contends that Honua should not be reimbursed for its witnesses meals, arguing that "meals are not taxable costs," Wong, 88 Haw. at 54. While this is generally true with respect to attorneys, meals for witnesses are within the scope of subsistence expenses allowable under L.R. 54.2(f)(3). Honua's meal costs will be allowed. Accordingly, Honua will be awarded costs in the amount of **$23,362.42.**

III.   PRE-JUDGMENT INTEREST

Honua also requests pre-judgment interest in the amount of $31,666.66. This amount is based on a 10% interest rate,[2] and a designation of the initial breach of contract, pursuant to H.R.S. § 636-16, as occurring three years and four months prior to the entry of judgment.[3] In its opposition to the requested pre-judgment interest, KT points to (1) a lack of substantial delay between the injury and the entry of judgment, and (2) extensions granted by Honua.

In awarding pre-judgment interest, "the judge is authorized to designate the commencement date . . . in cases arising by breach of contract [as] the date when the breach first occurred." H.R.S. § 636-16. When the court cannot establish when the initial breach occurred, interest should not be awarded. See Rodrigues v. Chan, 5 Haw. App. 603, 607 (Haw. Ct. App. 1985) (holding that the designation of a commencement date based on when the breach first occurred is absolutely necessary to awarding interest). Pre-judgment interest is awarded "to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays." Schmidt v. Bd. of Dirs. of Ass'n of Apartment

---

[2] See H.R.S. § 478-3.

[3] $95,000 x 10% = $9,500 x 3 years = $28,500.
    $9,500 x 4 months = $9,500 x (1/3) year = $3,166.66
    $28,500 + $3,166.66 = $31,666.66

13

Owners of Marco Polo Apartments, 73 Haw. 526, 534 (1992); compare Eckard Brandes, Inc. v. Riley, 338 F.3d 1082, 1088 (9th Cir. 2003) (granting pre-judgment interest after over four years of proceedings), with Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 136-37 (1992) (denying pre-judgment interest when the record lacked any evidence that Amfac unduly delayed proceedings).

Here, Honua filed its Complaint on August 15, 2005, and judgment was entered less than two years later on April 27, 2007. Honua offers no evidence that the entry of judgment was substantially or purposefully delayed by KT. Moreover, Honua granted KT multiple extensions, which makes establishing a date of initial breach difficult. Given the circumstances of this case, the Court declines to award Honua pre-judgment interest.

## CONCLUSION

For the foregoing reasons, the Honua's motion for attorney's fees, costs and prejudgment interest will be GRANTED IN PART AND DENIED IN PART. Honua is awarded attorneys' fees in the amount of **$23,750.00**, costs in the amount of **$23,362.42**, and no pre-judgment interest, for a total award of **$43,851.61.**

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: October 15, 2007

Honua Technologies, Inc. v. Krungthep Thankom Co., Ltd.; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND PRE-JUDGMENT INTEREST; Civ. No. 05-00523 BMK